UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROLAND CARLBERG,
    Plaintiff,

    v.

JOSEPH LOSCHIAVO, JOHN DOE 1,
    Defendants.

No. 3:12-cv-00887 (JAM)

## ORDER RE: DEFENDANT JOHN DOE 1

Plaintiff Roland Carlberg filed this lawsuit over two years ago, and a jury trial is scheduled to commence next Monday. But despite the advanced stage of the litigation, the operative complaint still asserts claims against "John Doe 1." The identity of this John Doe defendant is no mystery. All the parties seem to agree that he is a Stratford police officer by the name of Sean Gallagher. Plaintiff has been well aware of Gallagher's identity for nearly a year, but never moved to amend the complaint to substitute Gallagher for the placeholder John Doe defendant until I raised the issue with the parties last week. Nor has plaintiff ever served process on Gallagher. Plaintiff wants to proceed to trial next week with his claims against Gallagher, and has filed an amended complaint that—for the very first time in the over two-year pendency of this case—names Gallagher as a defendant. I conclude that permitting claims against Gallagher to be tried to a jury would be manifestly unfair and inconsistent with the most basic due process requirements. Accordingly, I deny plaintiff's motion to amend his complaint and will allow this case to proceed only as to the claims against named defendant Joseph LoSchiavo.

### BACKGROUND

Plaintiff filed this lawsuit on June 15, 2012. In both his initial complaint (Doc. #1) and

1

the amended complaint (Doc. #20) he filed on December 11, 2012, plaintiff asserted claims against Stratford police officers LoSchiavo, John Doe 1, and John Doe 2 in their individual capacities only, as well as a claim against the town of Stratford.[1] Counsel appeared on behalf of all defendants. By the summer of 2013, all claims against John Doe 2 and the town of Stratford had been dismissed, leaving only the still-pending claims against LoSchiavo and John Doe 1. *See* Doc. #35.

Nearly one year ago, on November 27, 2013, plaintiff learned that the man referred to in the amended complaint as John Doe 1 was in fact Gallagher. In response to interrogatories asking defendants to provide information regarding officers involved in the events described in the complaint, defendants identified an "Officer Gallagher" and his badge number. Doc. #88-1 at 2-3. Just a few weeks later, on December 11, 2013, the parties submitted trial memoranda. The case caption at the top of both plaintiff's and defendants' trial memoranda listed the defendants as Joseph LoSchiavo and John Doe 1. *See* Docs. #50, 51.

This case was subsequently transferred to me for trial. In advance of jury selection, I ordered that the parties submit a brief description of the case that the Court could read to proposed jurors at the outset of jury selection. *See* Doc. #77. To my surprise, the description the parties submitted stated that one of the defendants was a police officer named Sean Gallagher—a man who has never been named as a defendant in any of the pleadings.

Last Monday, when I held jury selection, Officer Gallagher showed up in Court, apparently believing that he was a defendant in this litigation. At the request of all counsel, I treated Gallagher as a defendant for purposes of jury selection: mentioning him as a defendant in my description of the case and permitting him to sit with defense counsel. But I expressed—both

---

[1] Plaintiff's initial complaint (apparently mistakenly) identified LoSchiavo's first name as "Justin." In the amended complaint, this defendant is referred to as Joseph LoSchiavo.

in chambers before jury selection and in the courtroom after the selection—that it did not appear to me that Gallagher was properly before the Court as a defendant. In response to a question I asked, plaintiff's counsel conceded what the docket reflects: that Gallagher has never been personally served.

I asked counsel to submit briefing regarding the propriety of the Court permitting claims against Gallagher to proceed to trial. In response, plaintiff moved to amend his complaint to substitute Gallagher for John Doe 1, and defendants filed a memorandum arguing that plaintiff should not be permitted to amend his complaint.

## DISCUSSION

While Fed. R. Civ. P. 15(a)(2) provides that a "court should freely give leave [to amend the pleadings] when justice so requires," such leave should "not [be] granted automatically or reflexively." *Desantis v. Roz-Ber, Inc.*, 51 F. Supp. 2d 244, 246 (E.D.N.Y. 1999) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A district court properly denies leave to amend when there is evidence of "'undue delay'" or "'resulting prejudice to the opposing party.'" *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)); *see also Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 553 (2010) (explaining that "a court may consider a movant's 'undue delay' . . . in deciding whether to grant leave to amend under Rule 15(a)").

I have little difficulty concluding that plaintiff's proposed amended complaint is the product of undue delay. This amended complaint would insert a new defendant into this action, *see Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 468 (2d Cir. 1995) (amendment of complaint to "replac[e] a 'John Doe' with a named party in effect constitutes a change in the party sued"), nearly two-and-a-half years after the action was commenced, 23 months after the

amended complaint was filed, over 11 months after plaintiff's counsel became aware of Gallagher's identity, and just a few days before trial.[2]

Moreover, the proposed amendment would prejudice Gallagher. "Prejudice is generally found where the motion to amend 'comes on the eve of trial after many months or years of pre-trial activity . . . [or where] the amendment . . . adds new parties.'" *State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.*, 246 F.R.D. 143, 148-49 (E.D.N.Y. 2007) (quoting *Care Envtl. Corp. v. M2 Techs. Inc.*, 2006 WL 2265036, at *6 (E.D.N.Y. 2006)). Permitting plaintiff to amend here would mean that Gallagher—a man who has never been named as a defendant in any of the pleadings—would be sued as a defendant in his individual capacity at a jury trial next week, subject to significant monetary and reputational consequences.

I also conclude that any claims against Gallagher must not be permitted to proceed due to plaintiff's failure to serve process at any point during this litigation—let alone during the 120-day time frame contemplated by Fed. R. Civ. P. 4(m). It is basic to due process that a judgment may not lie against a defendant who has not been served with process or notice of a lawsuit against him. *See, e.g.*, *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84-85 (1988). In this individual-capacity lawsuit, any defendants were required to be served personally or at their usual place of abode. *See* Fed. R. Civ. P. 4(e)(2)(A)-(B); Conn. Gen. Stat. § 52-57(a); *Traylor v. Gerratana*, 148 Conn. App. 605, 612-13, 88 A.3d 552 (2014). There is no evidence on the docket sheet (such as a marshal's return or a signed waiver) that Gallagher has ever been served, and plaintiff's counsel admitted on the record that Gallagher has not been personally served.

---

[2] In his motion to amend, plaintiff seems to suggest that he did not know Gallagher's identity because, while defendants did provide Gallagher's last name and badge number in response to an interrogatory, they did not provide Gallagher's first name or home address, as the interrogatory requested. *See* Doc. #88-1 at 2-3. This does not mean that plaintiff was somehow unaware of Gallagher's identity. It was plaintiff's responsibility to prosecute his own lawsuit and to discover the identity of people he wished to sue. Plaintiff could easily have contacted opposing counsel to ask for Gallagher's first name and other identifying information he needed to facilitate service. Or he could have opened his web browser, which would have disclosed Gallagher's full name in 20 seconds using a

While a district court has discretion to extend the time frame for service beyond Rule 4(m)'s 120-day period, *see Zapata v. City of New York*, 502 F.3d 192, 195-96 (2d Cir. 2007), I would not do so here. Plaintiff has not demonstrated any good cause to permit him additional time to effectuate proper service, and it would be manifestly unfair to permit service of process on Gallagher at this late stage of the litigation, just days before trial.

## CONCLUSION

Basic principles of fairness and due process do not permit plaintiff to proceed to trial next week with claims against Sean Gallagher—a person who has never been named as a defendant or served process. Accordingly, plaintiff's motion for leave to amend his complaint (Doc. #88) to substitute Gallagher for John Doe 1 is DENIED.

Because plaintiff may not maintain claims against a John Doe defendant at trial, *cf. Coward v. Town & Vill. of Harrison*, 665 F. Supp. 2d 281, 300-02 (S.D.N.Y. 2009) (claims against John Doe defendants dismissed where plaintiff had ample opportunity to identify John Does and inexplicably failed to do so), all claims against John Doe 1 are dismissed. The Clerk of Court is directed to terminate John Doe 1 as a defendant.

A jury trial concerning plaintiff's claims against named defendant Joseph LoSchiavo shall commence as scheduled, on Monday, November 17, 2014. Officer Gallagher may be subject to subpoena and called as a witness by either party at trial, and the Court will entertain any requests by the parties for any instructions to the jury concerning his absence as a defendant at trial.

It is so ordered.

Dated at Bridgeport this 12th day of November 2014.

---

Google search.

/s/

Jeffrey Alker Meyer
United States District Judge